```
                     UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF FLORIDA

                            CASE  NO.  10-20689-Civ-MOORE
                            MAGISTRATE JUDGE P.A. WHITE
```

FIDEL PEREZ GONI,                :

    Petitioner,              :

v.                               :    REPORT OF
                                      MAGISTRATE JUDGE
WALTER A. McNEIL,                :

    Respondent.              :
_____

## I. Introduction

Fidel Perez Goni, who is presently confined at Florida State Prison in Raiford, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his conviction and sentence in case number F00-33573, entered in the Eleventh Judicial Circuit Court for Miami-Dade County.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the petition for writ of habeas corpus with exhibits, the Respondent's response to an order to show cause with appendix of exhibits, and the reply to the response with appendix.

## II. Procedural History

On December 7, 2000, Goni was charged with attempted first degree murder with a deadly weapon. (DE# 1, p. 22-24). On November 6, 2002, Goni pled guilty to attempted first degree murder with a

deadly weapon. (DE# 1, p. 17-18).  He was sentenced to a term of twenty years in prison. (DE# 1, p. 20-21).  There was no appeal of the judgment or sentence.

On or about March 15, 2005, more than two years after he was adjudicated guilty, Goni filed a motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. (DE# 8, p. 20).  At a hearing on March 31, 2005 there was an oral motion to clarify sentence. (DE# 8, p. 19).  That motion was denied. (DE# 8, p. 19). The Rule 3.850 motion was denied by the State trial court on or about April 13, 2005. (DE# 8, p. 19).  No appeal was taken from this denial.

On or about April 27, 2009, Goni filed a second motion for post conviction relief. (DE# 8, p. 18). On June 10, 2009 this motion was denied. (DE# 8, p. 17). Goni appealed the denial of this motion. (DE# 8, p. 17).  On August 26, 2009, the Third District Court of Appeal affirmed the denial of the motion. (DE# 1-1, p. 12).  On September 3, 2009, Goni filed a motion for rehearing with the trial court. (DE# 1-1, p. 29-39).  On September 17, 2009, Goni filed a another motion with the trial court. (DE# 1-1, p. 40-46). On September 18, 2009, the Third District denied a motion for rehearing. (DE# 1-1, p.47).  Mandate issued on October 9, 2009. (DE# 1-1, p. 28).

On October 23, 2009, Goni sent a letter to the State Attorney requesting a modification of his sentence. (DE# 2, p. 3-5).  This letter was treated by the trial court as a motion and was denied as untimely. (DE# 8, p. 66).  The trial court also denied the motion for rehearing filed on September 3, 2009. (DE# 8, p. 65).  On November 12, 2009, Goni filed an objection to the state attorney's reply to his letter. (DE# 8, p. 68-71).  Goni appealed the denial

of his motions. On February 17, 2010 the Third District affirmed the denial of these motions. (DE# 1-2, p. 41). On February 26, 2010, Goni filed a motion to correct error with the Third District. (DE# 1-2, p. 42-43). This motion was denied on March 4, 2010 and mandate issued on March 11, 2010.

There have been no further state court proceedings.

Goni filed the instant petition on March 3, 2010.[1] In the petition Goni raises four claims.

### III. Statute of Limitations

The State contends that the instant petition is untimely. This contention is well taken. Goni was convicted in 2002. He has waited over 7 years to seek federal habeas relief.

A one-year statute of limitations applies to petitions for writ of habeas corpus filed by State prisoners. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or at the time when seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A). This period is tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending. 28 U.S.C. § 2244(d)(2). Moreover, the one-year limitations period is also subject to equitable tolling in "rare and exceptional cases." See Lawrence v. Florida, 549 U.S. 327 (2007); Helton v. Sec'y, Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001) ("Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when

---

[1] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."). For equitable tolling to apply, a petitioner has the burden of proving: "(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Lawrence, 549 U.S. at 336 (citation omitted).

Goni's conviction and sentence became final in December 2002 when the thirty-day period for seeking a direct appeal expired. See Fla. R. App. P. 9.110(b); Miller v. State, 8 So.3d 451 (Fla. 1st DCA 2009); Demps v. State, 696 So. 2d 1296, 1297 n.1 (Fla. 3d DCA 1997); Caracciolo v. State, 564 So.2d 1163 (Fla. 4th DCA 1990). He had until December, 2003, to file a petition for writ of habeas corpus. See Goodman v. United States, 151 F.3d 1335, 1337-38 (11th Cir.1998). He filed the instant petition on March 3, 2010 more than six years after his conviction became final. Therefore, the petition is untimely unless the limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. § 2244(d)(2). Goni filed no such application. He filed his first motion for post-conviction relief on March 15, 2005, after AEDPA's one-year time limit had expired. The motion therefore had no tolling effect. See Tinker v. Moore, 255 F.3d 1331, 1332 (11th Cir. 2001) (petition for relief in state court filed after the federal limitations period has expired cannot toll the period because nothing remains to be tolled). Therefore, the instant petition is untimely.

Goni was aware of the State's argument that his petition was untimely. He appears to argue that his claims were first available to him based upon newly discovered evidence, he does not allege when he received this evidence. He claims merely that he "recently

4

discovered that he was charged with aggravated assault and charged [sic] to attempt of [sic] murder during the course of the case with the state attorney filed an amended information." However, contrary to this claim, there is no evidence that the charges were changed at anytime. Furthermore, Goni was present at his plea hearing and pled guilty to the charges as reflected in the only charging document in the record. Goni has therefore failed to establish that his claim is based on newly discovered evidence.

Goni has failed to establish that his petition is timely under any of the circumstances provided for in 28 U.S.C. 2244(d)(1)(A)-(D). This does not however end the inquiry. Under certain circumstances the statute of limitations may be subject to equitable tolling. Recently, the Supreme Court has held that the one-year limitations period is subject to equitable tolling in appropriate cases. Holland v. Florida, -- U.S. --, 130 S.Ct. 2549, 2010 WL 2346549 (2010). See also Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)(holding that a petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing); Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11 Cir. 1999).

As noted by the Supreme Court in Holland, a petitioner must show that he has exercised reasonable diligence and that extraordinary circumstances prevented him from timely filing his

5

petition.  Goni has had an opportunity to present argument on the timeliness of his petition both in his petitin and in his reply to the States response.  Goni has not addressed equitable tolling.  Goni has not come forward with anything to suggest that equitable tolling should be applied in this case.  Thus, as no equitable tolling is available, the motion remains time-barred.

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 30th day of September, 2010.

UNITED STATES MAGISTRATE JUDGE

cc:   Fidel Goni
      DC# 090600
      Florida State Prison
      7819 N.W. 228th Street
      Raiford, FL 33026

      Rolando A. Soler, AAG
      Office of the Attorney General
      444 Brickell Ave., Suite 650
      Miami, FL 33131